ABRAHAM JACKSON, executor, vs. ROBERT P. CHASE & wife, appellants.*

An executor at the time of the enactment of statutes of the United States making treasury notes a legal tender for payment of debts was not bound thereupon to convert money in his hands into coin, nor thereafter to require payment in coin of debts due to the estate; nor was guilty of maladministration in receiving and paying treasury notes as money in the execution of his trust; nor can be required to account in coin for the assets.

APPEAL from a decree of the judge of probate allowing two accounts of the appellee as executor of the will of Elizabeth Roberts, which was admitted to probate in January 1856. The appellants resided in California.

At the hearing, before *Gray*, J., it appeared that these accounts consisted of a first account and a final account, rendered together in December 1865; by the former of which the executor charged himself with the fund, received in 1856, part in stock and part in money, amounting in April 1862 (down to which time this account extended) to thirty-two thousand and fifty-five dollars and four cents, after deducting legacies and expenses and adding interest and dividends and gain on sale of the stock; that by a decree of this court in *Jackson v. Roberts*, 14 Gray, 546, at February term 1860 for Norfolk, the title of Mrs. Chase to one third of this balance of the fund had been determined, and the title of other distributees to the other two thirds, with the payment of which other two thirds to said other distributees the executor claimed to be credited in said first account; that in the second and final account he charged himself with the remaining third as of April 1862, and with interest thereon to December 1865, and claimed to be credited with sundry payments, among others one to Mrs. Chase of ten thousand four hundred and sixty dollars and ninety-six cents on November 6, 1863; that this payment was made in treasury notes of the United States; that the market value of gold and silver coin of like denominations

* This case was decided before that of *Essex Co.* v. *Pacific Mills*, 14 Allen
389

was at the time much greater than the market value of such notes; and that Mrs. Chase did not receive and receipt for the notes as full payment of ten thousand four hundred and sixty dollars and ninety-six cents, but only *pro tanto.*

The question whether this payment was rightly allowed as a payment in full of that sum was reserved for determination by the full court.

*A. Jackson, pro se.* 1. This is not a question between debtor and creditor of payment of a debt due, but of the administration of a trust. The executor distributed all that he received. 2. Is he chargeable for not refusing to take treasury notes in payment of money of the trust fund lent to draw interest? If so, those from whom he took them are chargeable to him; and he must remodel his accounts and bring suit against them for their balances due.

*E. Bangs,* for the appellants, argued that the acts of Congress of February 25, and July 11, 1862, (U. S. Sts. 1862, *cc.* 33, 142,) so far as they declared the treasury notes, the issue of which they authorized, to be " lawful money and a legal tender in payment of all debts, public and private," thereby giving said notes a compulsory circulation and changing the standard of value, are unconstitutional.

By THE COURT. There has been no breach of trust or maladministration of the estate by the executor. He received as money that which by the statutes of the United States was declared to be lawful currency and a legal tender in payment of debts. *Primâ facie* these statutes were constitutional and valid. A trustee acting in good faith was justified in so regarding them, and in administering his trust accordingly. He was not bound to contest their validity. The question here is not between a creditor and a debtor, but between trustee and *cestui que trust.* The true issue is not whether a debt has been legally paid, but whether a trust has been faithfully administered. The executor has fairly and fully accounted for all that he has received, in the same money in which he received it. Under these circumstances, we have no doubt that he has faithfully discharged his trust, and that his account was rightly allowed.

*Decree of probate court affirmed.*